**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Shawn Patrick White, Appellant.

Appellate Case No. 2014-000197

―――――――――

Appeal From Abbeville County
Donald B. Hocker, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2016-UP-394
Heard March 7, 2016 – Filed August 3, 2016

―――――――――

**AFFIRMED**

―――――――――

Kathleen Chewning Barnes, Barnes Law Firm, LLC, of Hampton, and Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General John Benjamin Aplin, both of Columbia, and Solicitor David Matthew Stumbo, of Greenwood, for Respondent.

―――――――――

**PER CURIAM:** Shawn White appeals his conviction for homicide by child abuse, arguing the trial court erred in denying his motion for a directed verdict because the State's evidence showed only his presence with the victim during a portion of the time when her injuries occurred and merely raised a suspicion of his guilt. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) (stating the trial court is concerned with the existence or nonexistence of evidence, not its weight, when ruling on a motion for a directed verdict); *State v. Brannon*, 388 S.C. 498, 501, 697 S.E.2d 593, 595 (2010) ("A defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged."); *State v. Lynch*, 412 S.C. 156, 171, 771 S.E.2d 346, 354 (Ct. App. 2015) (providing that on appeal from the denial of a directed verdict, this court must view the evidence in the light most favorable to the State); *State v. Odems*, 395 S.C. 582, 586, 720 S.E.2d 48, 50 (2011) ("[I]f there is any direct or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury." (emphasis omitted)); S.C. Code Ann. § 16-3-85(A)(1)-(2) (2015) (providing "[a] person is guilty of homicide by child abuse if the person: (1) causes the death of a child under the age of eleven while committing child abuse or neglect, and the death occurs under circumstances manifesting an extreme indifference to human life; or (2) knowingly aids and abets another person to commit child abuse or neglect, and the child abuse or neglect results in the death of a child under the age of eleven"); S.C. Code Ann. § 16-3-85(B)(1) (2015) (defining child abuse or neglect as "an act or omission by any person which causes harm to the child's physical health or welfare"); S.C. Code Ann. § 16-3-85(B)(2)(a) (2015) ("'[H]arm' to a child's health or welfare occurs when a person: (a) inflicts or allows to be inflicted upon the child physical injury, including injuries sustained as a result of excessive corporal punishment.").

**AFFIRMED.**

**LOCKEMY, C.J., and SHORT and THOMAS, JJ., concur.**